# EXHIBIT A

Electronically Filed
01/18/2017 10:31:50 AM

CLERK OF THE COURT

ACOM
JORGE G. CORRAL, ESQ.
SOUTHWEST LEGAL GROUP
Nevada Bar No. 7313
2950 E. Flamingo Road, Suite I
Las Vegas, Nevada 89121
Telephone: (702) 366-1966
*Attorney for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOSE HERNANDEZ-GUTIERREZ, an individual, and SANDRA RAMIREZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ELI BROWN, an individual, and AMERICAN TECHNOLOGIES NETWORKS, INC., a foreign Corporation, and HERTZ VEHICLES, LLC., a foreign Corporation, and DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive, <br><br> Defendants. | Case No.: A-16-748322-C <br> Dept. No.: XXI |

## AMENDED COMPLAINT

COME NOW Plaintiffs JOSE HERNANDEZ-GUTIERREZ, and SANDRA RAMIREZ (hereinafter "Plaintiffs"), by and through their attorney, Jorge G. Corral, Esq., and for their causes of action against the Defendants, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. That at all times relevant to this action, Plaintiff, JOSE HERNANDEZ-GUTIERREZ (hereinafter, "HERNANDEZ-GUTIERREZ"), an adult and a resident of Clark County, State of Nevada, and was the owner and was operating a 2003 Nissan Frontier.

2. That at all times relevant to this action, Plaintiff, SANDRA RAMIREZ, (hereinafter, RAMIREZ") was an adult and a resident of Clark County, State of Nevada, and was a passenger in Plaintiff HERNANDEZ-GUTIERREZ' 2003 Nissan Frontier.

3. Upon information and belief, that at all times relevant herein, Defendant ELI BROWN, (hereinafter "BROWN") was a resident of San Francisco, County of San Mateo, State of California.

4. That Defendant, AMERICAN TECHNOLOGIES NETWORKS, INC. (hereinafter "ATN"), is a foreign corporation and business organization, form unknown, doing business in San Francisco, California and was the named renter of a 2013 Ford Econoline E350 Super-Van operated by their employee, Defendant BROWN, with full consent, in the State of Nevada.

5. That Defendant, HERTZ VEHICLES, LLC., (hereinafter "HVI"), is a foreign corporation and business organization, form unknown, doing business in the State of Nevada and was the owner of a 2013 Ford Econoline E350 Super-Van rented by AMERICAN TECHNOLOGIS NETWORK, INC. and/or ELI BROWN which was being operated by Defendant BROWN, with full consent, in the State of Nevada.

6. That the true names and capacities of the Defendants DOES I through XX, inclusive, are unknown to Plaintiffs, who, therefore, sue said Defendants by said fictitious names. Plaintiffs are informed, believe and thereon allege that each of the Defendants designated as DOES I through XX are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiffs are informed, believe and thereon allege that Defendants ROE BUSINESS ENTITIES I through XX, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES I through XX. Plaintiffs are informed, believe and thereon allege that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

### STATEMENT OF FACTS

7. Plaintiffs hereby incorporate by reference paragraphs 1-6 as though more fully set forth herein.

8. On January 22, 2015, Plaintiff HERNANDEZ-GUTIERREZ was operating a 2003 Nissan Frontier, owned by HERTZ VEHICLES, LLC., westbound on Spring Mountain Road in Las Vegas, Clark County, Nevada. Accompanying Plaintiff HERNANDEZ-GUTIERREZ was passenger Plaintiff RAMIREZ.

9. Plaintiff HERNANDEZ-GUTIERREZ was approaching the intersection of Spring Mountain Road and Wynn Road traveling below the speed limit due to construction traffic ahead while Plaintiffs were proceeding on Spring Mountain Road. Plaintiffs' vehicle was struck from behind by a 2013 Ford Econoline E350 Super-Van, driven by Defendant BROWN, during the course and scope of Defendant BROWN's employment with Defendant ATN. Defendant ATN and ROES ROE BUSINESS ENTITIES I through XX were the owners of the 013 Ford Econoline E350 Super-Van.

10. Defendant BROWN's inattentiveness to existing traffic conditions and unsafe rate of speed was the proximate cause of the accident that caused Plaintiffs' to suffer serious physical injuries.

## FIRST CAUSE OF ACTION
### (Negligence and Negligence Per Se)

11. Plaintiffs repeat and re-allege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

12. At all times relevant hereto, Defendant BROWN's negligence caused the collision between Plaintiff's vehicle and Defendant's vehicle resulting in significant injuries to Plaintiffs.

13. At all times relevant hereto, NRS 484.261 was designed and enacted to protect a class of persons, in particular motorists, to which Plaintiffs belonged, and Plaintiffs' damages were the type of harm the NRS 484.261 was designed and enacted to prevent.

14. As a result of Defendant BROWN's aforesaid negligent actions and/or failures to act Defendant BROWN violated NRS 484.261 and is, therefore, negligent per se.

15. As direct and proximate result of Defendant BROWN's aforesaid actions, Plaintiffs were injured in their health, strength and activity, sustained injury to their bodies and shock and injury to their person, all of which has caused and will continue to cause Plaintiffs pain and suffering.

16. As a direct and proximate result of Defendant BROWN's aforesaid actions, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss

of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of ten thousand dollars ($10,000.00).

17. As a direct and proximate result of Defendant BROWN's aforesaid actions, it has been necessary for Plaintiffs to retain SOUTHWEST LEGAL GROUP to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligent Entrustment / Joint & Several Liability / Agency Respondent Superior / Vicarious Liability)

18. Plaintiffs repeat and re-allege each and every fact and allegation contained in this Complaint and incorporate the same herein by reference as though fully set forth herein verbatim.

19. At all times relevant hereto, Defendant ATN owned, maintained, and controlled the 013 Ford Econoline E350 Super-Van which was driven by Defendant BROWN.

20. At all times relevant hereto, Defendant BROWN was in the course and scope or his employment with Defendant ATN.

21. At all times relevant hereto, Defendant ATN and/or their agents or assigns negligently, carelessly and recklessly maintained and controlled its agents/assigns, thereby causing the subject accident.

22. As a direct and proximate result of the aforesaid acts and/or inactions of Defendant ATN and/or their agents or assigns were breaches of the duty of reasonable care owed by Defendants to the general public, and in particular to Plaintiff.

23. As direct and proximate result of Defendant ATN's aforesaid actions, Plaintiffs were injured in their health, strength and activity, sustained injury to their bodies and shock and injury to his person, all of which have caused and will continue to cause Plaintiffs' pain and suffering.

24. As a direct and proximate result of Defendant ATN's aforesaid actions, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of ten thousand dollars ($10,000.00).

25. As a direct and proximate result of Defendant ATN aforesaid actions, it has been necessary for Plaintiff to retain SOUTHWEST LEGAL GROUP to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs hereby expressly reserve the right to amend their Complaint up to the time of trial to include all items of damages not yet ascertained, demands judgment against Defendants as follows:

1. For general damages in an amount in excess of $10,000.00 and in a sum according to proof;
2. For special damages in a sum according to proof, including and without limitation, amounts incurred, and to be incurred, for services of hospitals, physicians, surgeons, nurses, and other medical supplies and services;
3. For damages for loss of income and earnings according to proof;
4. For reasonable attorney fees per appropriate statute;
5. For costs of suit incurred herein;
6. For property damage;
7. For interest as allowed by law;
8. For statutory damages as allowed by law; and
9. For such other and further relief as the Court may deem proper.

Dated this 17th day of January, 2017.

SOUTHWEST LEGAL GROUP

_____
JORGE G. CORRAL, ESQ.
Nevada Bar No. 7313
2950 E. Flamingo Road, Suite I
Las Vegas, NV 89121
*Attorney for Plaintiffs*

5
AMENDED COMPLAINT